UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ERNEST A. ROBINSON,

    Plaintiff,

v.        CASE NO. 3:14-cv-386-J-32JBT

PUTNAM COUNTY CLERK OF
COURT, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") (Doc. 13). For the reasons stated herein, the undersigned recommends that the Application be taken under advisement and that Plaintiff be allowed to file a further amended complaint.

### I.    Background

The Court previously dismissed this case without prejudice for failure to prosecute. (Doc. 8.) Plaintiff subsequently filed a Motion to Reopen Case (Doc. 9). The Court deferred ruling on the Motion to Reopen Case and allowed Plaintiff

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

to file a proposed amended complaint and a renewed, completed financial affidavit on or before September 22, 2014.  (Doc. 10.)  On October 28, 2014, the Court denied Plaintiff's Motion to Reopen Case because Plaintiff had failed to file an amended complaint and a completed financial affidavit in the time given to do so.  (Doc. 11.)  On December 10, 2014, Plaintiff filed the Application and what appears to be a proposed amended complaint ("Amended Complaint") (Doc. 12).

**II.    Standard**

A court receiving an application to proceed *in forma pauperis* must dismiss the case *sua sponte* if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  An action fails to state a claim on which relief may be granted if it fails to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227, 1233 (11th Cir. 2010) (citing Fed. R. Civ. P. 8(a)(2), 12(b)(6)).

To avoid a dismissal, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do.  *Id.*  Although it is well-established that the pleadings of pro se litigants, like Plaintiff, must be liberally construed and "are held to less stringent standards than formal

pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam), the Court will not rewrite Plaintiff's Amended Complaint for him.  *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

### III.   Discussion

Upon reviewing the Amended Complaint, the undersigned recommends that Plaintiff fails to state a claim upon which relief can be granted.  Plaintiff "brings this action against State Actors pursuant to 42 USC 1983." (Doc. 12 at 3.)  However, it is difficult to determine from the Amended Complaint what exactly Plaintiff alleges happened and why such events would entitle Plaintiff to any relief. Furthermore, Plaintiff fails to sufficiently allege the elements of a section 1983 claim.

For example, section 1983 requires "deprivation of any rights, privileges, or immunities secured by the Constitution and laws."  Plaintiff does not plausibly allege the deprivation of a federally protected right.  Plaintiff states that "[i]ncumbent to the Constitutional right to Due Process of Law is the right to be free from State action which invades my right to privacy, my right to be notice [sic] and an opportunity to be heard before State action is taken to restrict my ability to work, earn a living, and imposes fines and other punishment upon me without Due Process of Law." (Doc. 12 at 3.)  He also alleges that his "right to Freedom of Speech and Freedom of Assembly, and Freedom of Travel" were violated. (*Id.*)  But, the Complaint does not contain sufficient factual matter to support these allegations.

Plaintiff alleges that both the Secretary of the Florida Department of Corrections and the Putnam County Clerk of Court ("Clerk") "did falsely publish to other persons that plaintiff owed court fees and debts," and that the Clerk "caused [Plaintiff] to be removed from the Putnam County Courthouse by police deputies." (*Id.*)  Plaintiff further alleges that he did not owe the court fees (*id.*), that "other parties reasonably and foreseeabl[y] relied on the information reported" (*id.* at 3–4), and that these events "adversely impacted and or adversely affected employability, whether directly or indirectly" (*id.* at 4).  Plaintiff states that "had these events not been caused and/or created by the Court and/or Agents of the Court, Plaintiff would be employed and not homeless." (*Id.* at 4.)  These conclusory facts do not plausibly allege deprivation of a federally protected right.

Furthermore, it appears that Plaintiff may not be able to maintain a section 1983 claim against either or both Defendants, as "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).[2]  But, "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983." *Id.* at 71 n.10.  While Plaintiff also "demands an injunction requiring that the Defendants correct their records to show that no money is owed by Plaintiff and prohibiting the Defendants from continuing to publish the false information" (Doc. 12 at 4), a review of Plaintiff's attachments shows that a Putnam County Circuit Judge has

---

[2] Whether the Clerk is a state or local official may be an open question.

already ruled that no costs or fees are owed by Plaintiff (*see id.* at 10).  Thus, to the extent Plaintiff is seeking injunctive relief, it appears that this request is moot.

Additionally, *respondeat superior* has been rejected as a theory of recovery under section 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Greason v. Kemp*, 891 F.2d 829, 836 (11th Cir. 1990).  Although personal participation is not specifically required for liability under section 1983, there must be some causal connection between the Defendant named and the injury allegedly sustained. *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *see also Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991).

Finally, the Amended Complaint does not comply with the Court's previous orders and all applicable rules and statutes.  The Court previously instructed Plaintiff that "the complaint should not take the form of a letter and should not ask the Court to review lengthy attachments to develop Plaintiff's claims."  (Doc. 6 at 4.)  However, Plaintiff's Amended Complaint continues to do exactly that.

The undersigned has already afforded Plaintiff an opportunity to amend his complaint, and normally would not recommend allowing another amendment.  However, Plaintiff appears to be alleging new facts, some of which occurred after his initial complaint was filed.  Thus, the undersigned recommends that Plaintiff be given one more opportunity to file a proper amended complaint.

### IV.    Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

The Application (**Doc. 13**) be **TAKEN UNDER ADVISEMENT**, and Plaintiff be given thirty days to file an amended complaint in compliance with this Report and Recommendation and any further instructions from the Court.  Any amended complaint must include all of Plaintiff's claims in this action; it should not refer back to any previously filed complaints.

**DONE AND ENTERED** at Jacksonville, Florida, on January 30, 2015.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Pro Se Plaintiff