UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ERNEST A. ROBINSON,

    Plaintiff,

v.                                                CASE NO. 3:14-cv-386-J-32JBT

PUTNAM COUNTY CLERK OF
COURT, et al.,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Defendant Department of Corrections Limited Appearance and Motion to Quash Service of Process ("Motion") (Doc. 24) and Plaintiff's Response thereto (Doc. 28).[2] For the reasons set forth herein, the undersigned respectfully recommends that the Motion be **GRANTED** to the extent that service of process on Defendant Florida Department of Corrections ("Defendant") be quashed, that Plaintiff be given an opportunity to re-serve

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

[2] The Motion was referred to the undersigned for a report and recommendation regarding an appropriate resolution. (Doc. 25.)

Defendant, and that the time for service be extended to 60 days from the date of the Court's order on this Report and Recommendation.

## I. Background

Plaintiff initially filed his Complaint (Doc. 1) and an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Application") (Doc. 2) on April 3, 2014. On May 5, 2014, the undersigned took the Application under advisement to give Plaintiff the opportunity to file an amended complaint and to provide a more detailed financial affidavit. (*See* Doc. 6 at 5.) Plaintiff was directed to file an amended complaint and a renewed financial affidavit no later than May 26, 2014. (*Id.*) Plaintiff failed to do so, and on July 3, 2014 the case was dismissed without prejudice for failure to prosecute. (Doc. 8.)

Plaintiff subsequently requested that the case be reopened. (Doc. 9.) The Court deferred the request and directed Plaintiff to file a proposed amended complaint on or before September 22, 2014. (Doc. 10.) Plaintiff failed to do so and the Court denied his request to reopen on October 28, 2014. (Doc. 11.) On December 10, 2014, Plaintiff filed a new Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Renewed Application") (Doc. 13) and another document resembling an amended complaint (Doc. 12). On December 22, 2014, he filed a motion to reopen the case. (Doc. 14.)

The undersigned issued a Report and Recommendation finding that the amended complaint failed to state a viable claim and recommending that Plaintiff be given an opportunity to file a proper amended complaint. (Doc. 15.) On March

2

2, 2015, Plaintiff filed a document resembling a motion to reopen the case and a further amended complaint, which stated that Plaintiff is employed and no longer seeks to proceed *in forma pauperis.* (Doc. 17.)  The Court thus directed Plaintiff to pay the $400.00 filing fee (Doc. 18), which he did.  On April 14, 2015, the Court entered an order withdrawing Plaintiff's Renewed Application, granting Plaintiff's motion to reopen the case (Doc. 17), vacating the July 3, 2014 dismissal of the case, and directing Plaintiff to perfect service of process on all Defendants on or before July 28, 2015.  (Doc. 20.)

On June 11, 2015, Plaintiff filed what purports to be proof of service on Defendant.  (Doc. 22.)  Defendant now moves to quash service of process and dismiss the action.

**II.   Analysis**

Federal Rule of Civil Procedure 4(j)(2) states:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Section 48.111(2), Florida Statutes states: "Process against any public agency, board, commission, or department not a body corporate or having a governing board or commission shall be served on the public officer being sued or the chief executive officer of the agency, board, commission, or department." The

3

Secretary of Corrections is the head of the Department of Corrections, Fla. Stat. § 20.315(3), and thus proper service on Defendant requires proper service on the Secretary.

Plaintiff argues that "Defendant was adequately serviced . . . In Person." (Doc. 28 at 2.)  However, Plaintiff's proof of service indicates that the summons was served on "David Chatman, Supervisor," not on the Secretary of Corrections. (Doc. 22 at 1; Doc. 29 at 1.)

Plaintiff further argues that "Defendant was adequately serviced . . . [by] Certified Mail."  (Doc. 28 at 3.)  However, service by certified mail "is not 'delivering' under Federal Rule of Civil Procedure 4," and "does not constitute 'delivery' as generally required for service under Florida law."  *Morris v. City of Orlando*, Case No. 6:10-cv-233-Orl-19GJK, 2010 WL 2836623, at *2 (M.D. Fla. July 19, 2010). *See also Smith v. Am. Tel. & Tel. Co.*, Case No. 3:07-cv-175-J-25HTS, 2007 WL 1471738, at *1 (M.D. Fla. May 14, 2007).

Plaintiff attaches an excerpt from the United States District Court Middle District of Florida Guide for Proceeding Without a Lawyer addressing waiver of service.  (Doc. 28-1 at 5.)  It appears that Plaintiff may be confusing the procedure for requesting waiver of service with the procedure for actually serving process.

Plaintiff does not indicate that he mailed a waiver-of-service form to Defendant, or that Defendant returned a waiver-of-service form to Plaintiff.[3]

Thus, service on Defendant is improper and should be quashed. Defendant argues that, in light of this, the action should be dismissed for lack of personal jurisdiction and for improper service of process. (Doc. 24 at 3–4.) But, "[w]here service is 'insufficient but curable,' courts 'generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.'" *Cooper v. City of Starke, Fla.*, Case No. 3:10-cv-280-J-34MCR, 2011 WL 2531192, at *1 (M.D. Fla. June 24, 2011) (quoting *Gregory v. United States*, 942 F.2d 1498, 1500 (10th Cir. 1991)). The undersigned recommends that Plaintiff be given an opportunity to re-serve Defendant, and that the time for service be extended.

Accordingly, it is respectfully **RECOMMENDED** that:

1.      The Motion (**Doc. 24**) be **GRANTED** to the extent that service of process on Defendant Florida Department of Corrections be quashed.

2.       Plaintiff be given an opportunity to re-serve Defendant, and the time for service be extended to 60 days from the date of the Court's order on this Report and Recommendation.

3.      The Clerk be directed to issue an alias summons if properly requested to do so.

---

[3] Furthermore, it appears that waiver of service may only be available for "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h)." *See* Fed. R. Civ. P. 4(d)(1).

**DONE AND ENTERED** at Jacksonville, Florida, on July 2, 2015.

*/s/ Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Pro Se Plaintiff

Counsel of Record