**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ERNEST ROBINSON,

    Plaintiff,

vs.                                           Case No. 3:14-cv-386-J-32JBT

FLORIDA DEPARTMENT OF CORRECTIONS,
PUTNAM COUNTY CLERK OF COURT,

    Defendants.

## ORDER

Pro se plaintiff Ernest Robinson is suing the Florida Department of Corrections ("DOC") and Putnam County Clerk of Court, ("Clerk") pursuant to Title 42 U.S.C. § 1983, alleging that the DOC and Clerk violated his constitutional rights. Robinson seeks relief in the form of "[f]inancial compensation and [p]ublic [p]olicy [c]hange." (Doc. 44).

**I.     Background**[1]

In 2004, Robinson completed the terms of his probation, including repayment of all monies due, stemming from a 1999 check-kiting crime. This completion was reflected in a 2004 order stating Robinson's probation was "terminated successfully," after the prosecutor agreed during a September 17, 2004 hearing that Robinson had "satisfied his [financial] obligations to [the] [c]ourt." In August 2013, Robinson was denied an employment opportunity after a background check showed the DOC had a civil lien

---

[1] These facts are taken from Robinson's February 29, 2016 notice to the Court, Doc. 44, and are construed in the light most favorable to Robinson.

against him.  In February 2014, Robinson requested clarification from the circuit judge in Putnam County of the 2004 probation termination order.  The court conducted a hearing on February 10, 2014, which was continued on February 18, 2014, so the court could consider the evidence.  At the February 18 hearing, the court orally granted Robinson's request and stated that the court minutes would reflect the successful termination of his probation.

On March 3, 2014, DOC employee, Candy Lowell, emailed the court's judicial assistant, Traci Davis, stating that a "question ha[d] arisen in regards to reflecting that the offender ha[d] successfully paid his monies in full."  The email went on to state that the prior termination order did not "indicate any stipulations as to the monies remaining" and requested the court minutes to be updated to reflect the "money issue at hand."  The state judge responded with a March 26, 2014 termination order omitting the word, "successfully," and a March 27, 2014 order entering a civil judgment against Robinson for the sum of $462.01.  On July 24, 2014, assistant public defender, Anne Reeves, motioned the court to correct the sentencing error.  The court responded on August 4, 2014, ordering all costs and fees stricken and finding Robinson owed no monies. Robinson is saying he was damaged because for the period in 2013 – 2014 where the records erroneously showed he owed some money, he was turned down for a job because a background check showed this erroneous debt.[2]

### a. Procedural History

Robinson filed his initial complaint with this Court on April 3, 2014, (Doc. 1), but it was dismissed without prejudice on July 3, 2014 for failure to prosecute. (Doc 8).

---

[2] Fortunately Mr. Robinson was later employed by the same entity.

Robinson then filed a motion to reopen the case on August 19, 2014, (Doc. 9), and the Court allowed Robinson to file a proposed amended complaint and a renewed, completed financial affidavit on or before September 22, 2014. (Doc. 10).  The Court denied Robinson's motion to reopen the case on October 28, 2014 because he failed to file an amended complaint and financial affidavit. (Doc. 11).  On December 10, 2014, Robinson filed what appeared to be an amended complaint, (Doc. 12), but the Court found it to be insufficient, suffering from numerous deficiencies and not complying with the Court's previous orders.

The Court granted Robinson an additional opportunity to file an amended complaint, (Doc. 15), which Robinson did on February 2, 2015, (Doc. 17).  After Robinson paid the filing fee, the Court reopened Robinson's case on April 14, 2015. However, the second amended complaint appeared to contain the same allegations as the first amended complaint.  Defendants moved to dismiss Robinson's second amended complaint, (Docs. 30, 39), and he has responded in opposition. See Docs. 44, 48, 49.[3]  The defendants argue that (1) Robinson has failed to state a claim upon which relief can be granted; (2) Robinson cannot establish municipal liability as required under § 1983; (3) Robinson's complaint constitutes an impermissible "shotgun" pleading; and, (4) in any case, the defendants are entitled to absolute immunity. (Docs. 30, 39).  The Court held a hearing on the pending motions on March 8, 2016, the record of which is incorporated by reference.  The Court then referred the parties to the Magistrate Judge for a settlement conference while the Court held the motions in abeyance.  The parties

---

[3] Although not labeled as such, because he is proceeding pro se, the Court has construed all of Robinson's filings which post-date defendants' motions to be part of his response in opposition.

3

failed to settle, however, and this case is now ripe for decision.

**II.     Standard of Review**

When considering a motion to dismiss, the Court "must view the allegations of the complaint in the light most favorable to [the] plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences that might be drawn from such allegations." Dorta v. Wilmington Trust Nat. Ass'n, No. 5:13-cv-185-Oc-10PRL, 2014 WL 1152917 (M.D. Fla. Mar. 24, 2014) (citing Speaker v. U.S. Dep't of Health & Human Servs., 623 F.3d 1371, 1379 (11th Cir. 2010)).  A plaintiff must allege enough facts to "state a claim to relief that is plausible on its face" and that "raise[s] a right to relief above the speculative level." Speaker, 623 F.3d at 1380 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A claim is plausible when the facts create "a reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).[4]

While "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), "pro se litigants are still required to conform to procedural rules." Hickman v. Hickman, 563 F. App'x 742, 743 (11th Cir. 2014).

---

[4] In its motion to dismiss, the Putnam County Clerk of Court argued that § 1983 actions have a "heightened pleading standard," citing the Eleventh Circuit's decision in Keating v. City of Miami, 598 F.3d 753 (11th Cir. 2010).  However, the Eleventh Circuit dismissed the language in Keating as "dicta," and expressly held in Randall v. Scott, and reaffirmed in Hoefling v. City of Miami, that "whatever requirements our heightened pleading standard once imposed have since been replaced by those of the Twombly-Iqbal plausibility standard . . . [which] applies to all civil actions . . . ." Hoefling v. City of Miami, 811 F.3d 1271, 1276 (11th Cir. 2016) (quoting Randall v. Scott, 610 F.3d 701, 707 n.2 (11th Cir. 2010)).

4

### III.	Robinson's Allegations

Robinson has filed hundreds of pages with this Court, including his initial complaint and two amended complaints, attempting to support his position that the DOC and Clerk violated his constitutional rights.  His three primary complaints appear to be that 1) the DOC and Clerk failed to keep accurate financial records, which resulted in lost and delayed employment opportunities for him, 2) the Clerk interfered with his access to the courthouse, and 3) the Clerk failed to provide him notice of the hearing in which fines were wrongly assessed against him.

#### 1. Failure to keep accurate records

Under Florida law, failing to keep accurate records or negligently maintaining records does not give rise to a cause of action because "maintenance of records [is] a function undertaken by the government for the public generally, and there [is] no special duty [owed]."  Lovett v. Forman, 883 So.2d 319, 320 (Fla. Dist. Ct. App. 2004); see Press v. Sheriff of Broward County, Fla., No. 6:11-cv-1788-Orl-28KRS, 2013 WL 4437238, *9 (M.D. Fla. Aug. 16, 2013) ("Under Florida law, court clerks do not owe a special duty to individuals to maintain records or issue paperwork.").

Additionally, "[q]ualified immunity shields government officials from civil suits in their individual capacities when they perform discretionary functions . . . unless the officials' conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'"  Thrower v. Ziegler, 514 F. App'x 941, 942 (11th Cir. 2013) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  Qualified immunity can be overcome when a plaintiff shows both that the defendant violated a constitutional right and that the right was clearly established when it was allegedly violated.  Id.  "Court

clerks . . . have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction, and only qualified immunity from all other actions for damages." Tarter v. Hury, 646 F.2d 1010, 1013 (5th Cir. 1981). Moreover, "clerks enjoy no immunity whatsoever from claims for equitable relief."[5] Id.

Robinson fails to cite any statutory authority, much less a constitutional right, from which a cause of action could arise from the Clerk and DOC's failure to keep accurate records. Additionally, Robinson fails to allege any facts that would overcome the Clerk and DOC's immunity and allow him to proceed with this claim. Therefore, Robinson's "failure to keep accurate records" claim fails.

### 2. Access to court

"[D]enial of access [to the court] is an ancillary claim, requiring that plaintiffs also plead a substantive underlying claim . . . ." Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003). Here, Robinson alleges he was denied access to the court, but the substantive underlying claim is related to Robinson's assertion that the DOC and Clerk failed to keep accurate records. Therefore, this claim fails as well.

### 3. No notice of hearing

Robinson argues that he should have had a hearing before the state judge entered the nunc pro tunc judgment in March 2014 ordering Robinson to pay $462.01 to the DOC.

---

[5] Though Robinson argues for equitable relief in the form of public policy change, the request and facts surrounding it are too vague to satisfy the plausibility standard set forth under Iqbal. See 556 U.S. at 678 (A claim is plausible when the facts create "a reasonable inference that the defendant is liable for the misconduct alleged."). Moreover, "public policy change" is relief to be sought through the legislative branch, not the judicial branch.

The order appears to be a reversal from what the judge determined during the February 18, 2014 hearing which Robinson's counsel attended.  The state judge apparently entered this order based on erroneous information the court was given by the DOC.  Some months later the court corrected this mistake and entered an order finding Robinson owed no money.

While there is no doubt that either the DOC or the Clerk (or both) made a mistake in maintaining that Robinson owed this money, and it would have been better practice to give Robinson an opportunity to be heard before the court imposed the fee, simple mistakes by government record keepers are not actionable.  Moreover, Robinson was given another hearing where the mistake was corrected once and for all.  Because Robinson has not alleged a viable constitutional claim, his complaint is due to be dismissed.

Accordingly, it is hereby

**ORDERED**:

Defendant Florida Department of Corrections and Defendant Putnam County Clerk of Court's Motions to Dismiss (Docs. 30 & 39) are **GRANTED**.  Plaintiff Ernest Robinson's second amended complaint (Doc. 17) is **DISMISSED WITH PREJUDICE**.  The Clerk shall close the file.[6]

---

[6] Though the defendants have no legal duty to do so, their counsel should, on their behalf, write a letter of apology to Mr. Robinson for the trouble the error caused him.

7

**DONE AND ORDERED** at Jacksonville, Florida this 6th day of September, 2016.

TIMOTHY J. CORRIGAN
United States District Judge

ch.
copies to:
counsel of record
pro se parties